IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt, #10241269, | C/A No. 8:16-1038-TMC-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Naval Hospital Beaufort,<br>Case Pro Incorporated, | |
| Defendants. | |

Kalvin Dontay Hunt ("Plaintiff"), proceeding pro se, brings this civil action seeking damages. Plaintiff apparently is involuntarily confined at the Columbia Regional Care Center.[1] He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

On or about April 1, 2016, Plaintiff filed this civil action against Naval Hospital Beaufort and Case Pro Incorporated. [Doc. 1.] He alleges medical malpractice, deliberate indifference, and racial discrimination. [*Id.* at 2.] And, Plaintiff alleges the following specific facts. On February 24, 2012, he "checked into the emergency room of Naval Hospital Beaufort." [Doc. 1.] He informed someone that he had homicidal and suicidal inclinations, and he was going to be admitted to the "psychward." [*Id.*] However, after he was deemed a threat to safety of himself or others, he escaped their custody and fled the hospital grounds on foot. [*Id.*] Case Pro Incorporated was the security company that disregarded

---

[1] Plaintiff is apparently involuntarily confined in the South Carolina Department of Mental Health after being found not guilty of certain criminal charges by reason of insanity. *See* Order, *Hunt v. State of South Carolina*, C/A No. 3:15-4778-TMC (April 22, 2016), ECF No. 18 at n.1.

securing Plaintiff which then led to the untimely death of an innocent bystander by the hands of Plaintiff. [*Id.*] The medical staff of Naval Hospital Beaufort did not give Plaintiff "fair medical care," and Plaintiff was left alone even though he had been diagnosed as psychotic. [*Id.*] Plaintiff alleges he is a black man, "was obviously mishandled," and did not receive "proper medical care." [*Id.*]

Based on those facts, Plaintiff alleges Case Pro Incorporated and the medical staff of Naval Hospital Beaufort were deliberately indifferent to Plaintiff's medical needs. [*Id.*] Further, he brings a "medical malpractice claim." [*Id.*] He seeks damages. [*Id.*]

This Court takes judicial notice that Plaintiff alleges facts in the Complaint almost identical to the facts alleged in his prior civil action, *Hunt v. Naval Hospital Beaufort, et al.*, C/A No. 15-4388-TMC-JDA, and he sues the same Defendants again. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). On or about October 28, 2015, Plaintiff filed a civil action against the Naval Hospital Beaufort and Case Pro Incorporated, and on February 4, 2016, this Court adopted the Report and Recommendation and dismissed the action without prejudice and without issuance and service of process. *See* Order, *Hunt v. Naval Hosp. Beaufort, et al.*, C/A No. 9:15-4388-TMC-JDA (D.S.C. Feb. 4, 2016), ECF No. 22.

In that prior civil action, Plaintiff alleged the following:

> Plaintiff resides at the Columbia Regional Correct Care Center in Columbia, South Carolina. [Doc. 1.] He brings this action against Case Pro Incorporated, in Beaufort, South Carolina, and the Naval Hospital Beaufort in Beaufort, South Carolina. [*Id.*] Plaintiff makes no allegations about Case Pro

2

>    Incorporated—what type of entity it is or how it was involved. [*Id.*]
>
>    Plaintiff alleges the following facts. On February 24, 2012, he was a patient in the Beaufort Naval Hospital because he was having psyc[h]osis symptoms. [*Id.*] Plaintiff informed staff at the Naval Hospital that he did feel like harming himself or others. [*Id.*] He was deemed to be a threat to himself, and then he was left unattended. [*Id.*] While naked, he fled the premises of the Naval Hospital without staff or security stopping him. [*Id.*] Then, Plaintiff had a flashback, stole an idling fire truck, and murdered an innocent pedestrian. [*Id.*]
>
>    Plaintiff alleges that he escaped the Naval Hospital due to the negligence of the doctors, nurses, and security, and his escape permitted him to commit the heinous crime. [*Id.*] Plaintiff contends that those persons on staff at the Naval Hospital failed to protect the general public from him. [*Id.*] And, after he reported his thoughts of harming himself, it was medical malpractice to give Plaintiff an opportunity to harm himself. [*Id.*]
>
>    Based on these facts, Plaintiff contends that Defendants are culpable, criminally negligent, and committed medical malpractice. [*Id.*] Thus, they should be liable to Plaintiff for damages. [*Id.*] He also requests that his criminal charges or conviction be exonerated. [*Id.*]

*See* Report and Recommendation, *Hunt v. Naval Hosp. Beaufort, et al.*, C/A No. 9:15-4388-TMC-JDA (D.S.C. Dec. 18, 2015), ECF No. 17, *adopted by*, Order, ECF. 22.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which

relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

### I. ANALYSIS OF THIS LAWSUIT

As discussed above, on February 4, 2016, this Court dismissed Plaintiff's prior action against the same Defendants which raised almost identical claims. *See* Order, *Hunt v. Naval Hosp. Beaufort, et al.*, C/A No. 9:15-4388-TMC-JDA (D.S.C. Feb. 4, 2016), ECF No. 22. Although that action was dismissed without prejudice, this Court cannot glean anything new in the instant action that would cause it to reconsider the legal analysis. The same analysis still applies; thus, the instant action should be dismissed for the same reasons as

previously explained by this Court. *See* Report and Recommendation, *Hunt v. Naval Hosp. Beaufort, et al.*, C/A No. 9:15-4388-TMC-JDA (D.S.C. Dec. 18, 2015), ECF No. 17, *adopted by*, Order, ECF. 22.

Additionally, this action should be dismissed because it is frivolous and/or malicious because this Court previously explained to Plaintiff that his almost identical allegations in the prior lawsuit failed to state a plausible claim against the Naval Hospital Beaufort and Case Pro Incorporated. *See* Report and Recommendation, *Hunt v. Naval Hosp. Beaufort, et al.*, C/A No. 9:15-4388-TMC-JDA (D.S.C. Dec. 18, 2015), ECF No. 17, *adopted by*, Order, ECF. 22. A lawsuit is frivolous if it lacks an arguable basis in law or fact. *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012). And, this repetitive lawsuit rises to the level of a malicious lawsuit. *See Herbert v. South Carolina*, C/A No. 3:13-453-CMC-PJG, 2013 WL 2242445, at *3 (D.S.C. May 21, 2013), *appeal dismissed*, 539 F. App'x 157 (4th Cir, 2013).

## II. WARNING TO PLAINTIFF RELATED TO FUTURE LAWSUITS

Federal courts have the authority to issue narrowly tailored pre-filing injunctions against vexatious litigants. *See Cromer v. Kraft Foods North Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Larrimore v. Eli Lilly & Co.*, 288 F. App'x 115 (4th Cir. 2008). This Court is mindful that such a measure is only used sparingly, and that "a judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Cromer*, 390 F.3d at 817–18. Also, before a pre-filing injunction is issued, a judge "must afford a litigant notice and opportunity to be heard." *Id.*

If Plaintiff continues to file meritless, repetitive lawsuits in this Court against similar defendants raising similar factual allegations, this Court will consider entering a notice and

rule to show cause why an order of pre-filing review should not issue against Plaintiff. This Court will consider requiring Plaintiff to pay the statutory filing fee for future non-habeas civil actions, at least when he sues Naval Hospital Beaufort and Case Pro Incorporated with respect to similar factual allegations.

## **RECOMMENDATION**

It is recommended that this action be dismissed without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

May 11, 2016  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>300 East Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).