IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kalvin Dontay Hunt, #10241269, | ) | |
| | ) | Civil Action No. 8:16-1038-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Naval Hospital Beaufort and | ) | |
| Case Pro Incorporated, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice and without issuance and service of process. (ECF No. 10). Plaintiff was advised of his right to file objections to the Report. (ECF No. 10 at 7). Plaintiff, however, filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 10) and incorporates it herein.[1]  It is therefore **ORDERED** that Plaintiff's action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 7, 2016
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The court notes that, in addition to the reasons stated in the Report, Plaintiff's § 1983 claim  against Defendant Case Pro, Inc. fails because Case Pro is a private actor and Plaintiff does not assert a close relationship between Case Pro and a state actor.  *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) ("[T]o become state action, private action must have a sufficiently close nexus with the state that the private action may be fairly treated as that of the State itself." (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) (internal quotation marks omitted)).